CATHERINE QUINN, In Equity

*vs.*

MARY THALASINOU, Alias, MARY KALESPARAKY.

Androscoggin County.  Decided April 5, 1921.  This is a bill in equity heard by single Justice upon bill, answer, replication and proof.  The plaintiff is sister and heir at law of Michael McCarthy, late of Lewiston, deceased, and she brings this bill praying for the cancellation of a deed of real estate given by him to the defendant, the cancellation being asked for on the ground that at the time of executing the deed he was of unsound mind and not of sufficient mental capacity to transact business or to legally make and execute said deed; and that by reason of the condition of his mind, the defendant by fraud and undue influence procured the execution and delivery of the deed to her.

The presiding Justice in his findings, made an elaborate, accurate and impartial statement of the facts which were developed by the testimony.  The issues were wholly issues of fact and it would serve no useful purpose for us to repeat the findings of the sitting Justice in this opinion.  They are on file at the office of the Clerk of Courts for the County of Androscoggin, where they are accessible to the parties interested.  Upon those findings, the following decree was made.

## DECREE

This cause came on to be heard at the Supreme Judicial Court at Auburn, within and for the County of Androscoggin, at a term thereof begun and held on the Third Tuesday of January, A. D., 1920, and was heard upon bill, answer, replication and proof; and now after hearing and upon consideration thereof:

IT IS ORDERED, ADJUDGED AND DECREED:—

I.  That the bill is sustained with costs.

II.  That the deed described in the second paragraph of plaintiff's bill, drawn, signed, executed and delivered by Michael McCarthy,

under the name of Mike McCarthy, purporting to convey to the said Mary Thalasinou, as grantee, a certain lot or parcel of land with the buildings thereon, situated in Lewiston, in said County of Androscoggin, and bounded as follows, to wit:—Commencing at a point in the Westerly line of a proposed passageway running Southerly from a proposed street, known as North Street, to the land of the Union Water Power Company, said line being one hundred and fifteen (115) feet Westerly from and parallel to the Westerly line of Lincoln Street, said point being fifty (50) feet Southerly from the Southeasterly corner of land conveyed by the Franklin Company to the Lewiston, Augusta & Waterville Street Railway, by deed dated April 13, 1915; thence running Southerly by the Westerly line of said passageway twenty-five (25) feet; thence Westerly at right angle one hundred (100) feet to a proposed street; thence Northerly at a right angle by the Easterly line of said proposed street, twenty-five (25) feet; thence Easterly at a right angle one hundred (100) feet to the point of beginning, it is decreed to be null and void, and that the records thereof in the Androscoggin Registry of Deeds be cancelled and discharged.

III.   That the said Mary Thalasinou, alias Mary Kalesparaky reconvey said real estate, above described, to the lawful heirs at law of the said Michael McCarthy, alias Mike McCarthy, by good and sufficient warranty deed.

From this decree an appeal was seasonably taken and a full report of the evidence was presented to us for consideration.

The rule, that the finding of the sitting Justice as to matters of fact is to be sustained, unless clearly erroneous, has been so frequently stated that it is not necessary to make citations of authorities. After a careful and painstaking examination of the testimony, the court is of the opinion that the sitting Justice was right when he decreed that the deed in question was null and void and that the record thereof in the Androscoggin Registry of Deeds be cancelled and discharged.

But it is to be observed that the decree went farther than that and ordered the defendant to reconvey the real estate described in said deed to the lawful heirs at law of the said Michael McCarthy by good and sufficient warranty deed.   It is the opinion of the court that this part of the decree should be stricken out.   The cancellation of the deed restores the title to the channels in which it existed prior to the date of the deed, to wit, February 22, 1917.   It would not be just or

equitable to require this defendant to give a warranty deed to heirs at law of Michael McCarthy for non constat what may have occurred to affect the title since that date.

The decree should be modified, therefore, by striking out paragraph III, and as so modified is affirmed and the mandate of the court will be issued accordingly. No costs are allowed to either party. *McGillicuddy & Morey*, for plaintiff. *Benjamin L. Berman and George S. McCarty*, for defendant.